# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:

MALLINCKRODT PLC, *et al.*,

                 Reorganized Debtors.[1]

Case No. 20-12522-JTD
Chapter 11

Jointly Administered

Heather L. Barlow as Trustee of the
MALLINCKRODT GENERAL UNSECURED
CLAIMS TRUST,

                 Plaintiff,

v.

F. MICHAEL HOFFMANN,

                 Defendant.

Adv. Proc. No. 22-50425-JTD

## ANSWER AND AFFIRMATIVE DEFENSES

F. Michael Hoffmann ("Hoffmann"), through his undersigned counsel, hereby answers the complaint filed on October 4, 2022 (the "Complaint") by the Mallinckrodt Unsecured Claims Trust, through its Trustee Heather L. Barlow ("Plaintiff"), as successor in interest to Mallinckrodt PLC (the "Debtor"), as follows:

1.       Answering paragraph 1, Hoffmann admits that the allegations of the Complaint arise under sections 547 to 550 of the Bankruptcy Code but denies that any of the alleged transfers are avoidable or recoverable.

---

[1] A complete list of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at http://restructuring.primeclerk.com/Mallinckrodt. The Debtors' mailing address is 675 McDonnell Blvd., Hazelwood, Missouri 63042.

2.      Answering paragraph 2, Hoffmann admits that there is a claim asserted in the Complaint which allegedly arises under section 502(d) of the Bankruptcy Code. Hoffmann denies all remaining allegations of paragraph 2.

3.      Answering paragraph 3, Hoffmann admits.

4.      Answering paragraph 4, Hoffmann admits to the principal place of business of the Debtor and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 4, and therefore denies same.

5.      Answering paragraph 5, Hoffmann admits that he is an individual and admits that he was (and remains) entitled to receive money pursuant to that certain Agreement and Plan of Merger dated August 10, 2016 (the "Merger Agreement") by and among (without limitation) Mallinckrodt Hospital Products Inc. and Stratatech Corporation. Hoffmann denies knowledge of the terms "MNK" and "Stratatech" in this context because neither is defined in the Complaint, and Hoffmann further denies because the allegation does not accurately articulate the parties to and obligations arising out of the Merger Agreement.

6.      Answering paragraph 6, Hoffmann admits.

7.      Answering paragraph 7, Hoffmann admits.

8.      Answering paragraph 8, Hoffmann admits. By way of further response, Hoffman confirms his consent, pursuant to Bankruptcy Rule 7008 and Rule 7008-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Local Rules"), to the entry of a final order by the Court in connection with this Adversary Proceeding to the extent that it is later determined that

the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

9.      Answering paragraph 9, Hoffmann admits.

10.     Answering paragraph 10, Hoffmann admits that the rules and statutes referenced therein related to the relief requested in the Complaint, but Hoffmann denies any liability to the Plaintiff as alleged in the Complaint.

11.     Answering paragraph 11, noting that the term "Debtors" is not defined in the Complaint, Hoffmann admits.

12.     Answering paragraph 12, Hoffmann admits.

13.     Answering paragraph 13, Hoffmann admits upon information and belief.

14.     Answering paragraph 14, Hoffmann admits upon information and belief.

15.     Answering paragraph 15, Hoffmann denies because he has no liability for the alleged transfer pursuant to the defenses available to Hoffmann under § 547.

16.     Answering paragraph 16, Hoffmann admits upon information and belief.

17.     Answering paragraph 17, Hoffmann denies because the "Debtor" is defined in the Complaint as Mallinckrodt PLC but the alleged payor shown on Exhibit A is "INO Therapeutics LLC" (hereinafter "INO"). Hoffmann further denies issuing any invoices to INO, the Debtor, or anyone else, and denies receiving any money from INO.

18.     Answering paragraph 18, Hoffmann denies.

19.     Answering paragraph 19, Hoffmann denies receiving $165,849.93 from the Debtor or INO during the "Preference Period" as defined in paragraph 16.

20.     Answering paragraph 20, Hoffmann lacks knowledge or information

3

sufficient to form a belief about the truth of the allegations contained therein, and

therefore denies same.

21.     Answering paragraph 21, Hoffmann admits that the nature of this action

is a preference recovery action but denies any liability to the Plaintiff.

22.     Answering paragraph 22, Hoffmann lacks knowledge or information

sufficient to form a belief about the truth of the "Trustee's due diligence" and therefore

denies same. Further answering paragraph 22, Hoffmann admits the existence of the

August 22, 2022 letter, affirmatively asserts that the letter speaks for itself, and denies

any allegations that are inconsistent with the letter.

23.     Answering paragraph 23, Hoffmann denies that the Trustee evaluated the

"reasonably knowable affirmative defenses" prior to filing this action. Further

answering paragraph 23, Hoffmann denies that the "Transfers" are not excepted from

avoidance and lacks knowledge or information sufficient to form a belief about the

truth of the remaining allegations contained therein, and therefore denies same.

24.     Answering paragraph 24, Hoffmann affirmatively asserts that Plaintiff has

failed to comply with FRCP 8. Further answering paragraph 24, there are no allegations

of fact contained therein that compel a responsive pleading from Hoffmann, but to the

extent that such a response is required, Hoffmann denies.

25.     Answering paragraph 25, Hoffmann incorporates his prior responses to

paragraphs 1-24.

26.     Answering paragraph 26, Hoffmann denies receiving any payments from

Mallinckrodt PLC (the "Debtor" herein) or INO during the Preference Period.

4

27.     Answering paragraph 27, Hoffmann denies receiving any payments from Mallinckrodt PLC (the "Debtor" herein) or INO during the Preference Period.

28.     Answering paragraph 28, Hoffmann denies that he was a creditor of Mallinckrodt PLC (the "Debtor" herein) or INO during the Preference Period.

29.     Answering paragraph 29, Hoffmann denies that he was a creditor of Mallinckrodt PLC (the "Debtor" herein) or INO during the Preference Period.

30.     Answering paragraph 30, Hoffmann denies that he was a creditor of Mallinckrodt PLC (the "Debtor" herein) or INO during the Preference Period and lacks knowledge or information sufficient to form a belief about the truth of the allegations relating to "underlying transaction documents" and therefore denies same.

31.     Answering paragraph 31, Hoffmann lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein, and therefore denies same.

32.     Answering paragraph 32, Hoffmann denies.

33.     Answering paragraph 33, Hoffmann denies.

34.     Answering paragraph 34, Hoffmann admits, but denies that he is obligated to Plaintiff.

35.     Answering paragraph 35, Hoffmann denies.

36.     Answering paragraph 36, Hoffmann incorporates his prior responses to paragraphs 1-35.

37.     Answering paragraph 37, Hoffmann denies.

38.     Answering paragraph 38, Hoffmann denies.

39.    Answering paragraph 39, Hoffmann denies.

40.    Answering paragraph 40, Hoffmann incorporates his prior responses to paragraphs 1-39.

41.    Answering paragraph 41, Hoffmann denies.

42.    Answering paragraph 42, Hoffmann admits that it has not paid the equivalent of the amounts referenced in the Complaint but denies liability to pay said amounts.

43.    Answering paragraph 43, Hoffmann asserts that this is a legal conclusion to which no responsive pleading is required. To the extent a pleading is required, Hoffmann denies.

44.    Answering paragraph 44, Hoffmann asserts that this is a legal conclusion to which no responsive pleading is required. To the extent a pleading is required, Hoffmann denies.

45.    Answering paragraph 45, Hoffmann asserts there are no allegations of fact contained therein that compel a responsive pleading from Hoffmann, but to the extent that such a response is required, Hoffmann denies.

## Affirmative Defenses

As and for his affirmative defenses to the Complaint, and without assuming any burden of proof where the law does not impose the burden upon it, F. Michael Hoffmann asserts that:

1.    The Complaint fails to state a claim upon which relief can be granted against Hoffmann.

2.      The Plaintiff failed to perform pre-litigation, reasonable due diligence regarding the circumstances of the case, and failed to take into account Hoffmann's known or reasonably knowable affirmative defenses as required by § 547(b).

3.      Hoffmann has never received any money from INO Therapeutics LLC as depicted on Exhibit A to the Complaint.

4.      Any transfer made to Hoffmann by any debtor during the Preference Period whose case is jointly administered in *In re Mallinckrodt plc, et al.*, 20-12522-jtd is not avoidable under 11 U.S.C. § 547(c)(2) because the transfer(s) was made in the ordinary course business between Hoffmann and the payor, or made according to ordinary business terms.

5.      Any transfer made to Hoffmann by any debtor during the Preference Period whose case is jointly administered in *In re Mallinckrodt plc, et al.*, 20-12522-jtd is not avoidable under 11 U.S.C. § 547(c)(1) because the transfer(s) was intended by the payor to reflect a contemporaneous exchange for new value given, and the transfer(s) was, in fact, substantially contemporaneous exchanges.

6.      Any transfer made to Hoffmann by any debtor during the Preference Period whose case is jointly administered in *In re Mallinckrodt plc, et al.*, 20-12522-jtd is not avoidable under 11 U.S.C. § 547(c)(4) because Hoffmann subsequently conferred new value to the Plaintiff after receipt of the transfer(s).

7.      The Plaintiff's Second Claim for Relief relating to 11 U.S.C. § 550 only contains hypotheticals and lacks any actual or specific allegations of fact that could give rise to liability.

8.      In the event that Defendant has any liability to Plaintiff, which is denied, Hoffmann is entitled to an offset against Plaintiff's claim in the full amount of all outstanding obligations owed to Hoffmann, including, but not limited to, payment of administrative costs and expenses.

9.      The Complaint is barred, in whole or in part, by one or more of the following doctrines: laches, unclean hands, and/or waiver.

10.      The Complaint is barred, in whole or in part, because Plaintiff is equitably estopped from seeking the relief it seeks against Hoffmann in this action.

11.      Hoffmann reserves the right amend these defenses, including adding defenses, as discovery continues or otherwise as such defenses become known.

[Remainder of the page intentionally left blank]

WHEREFORE, F. Michael Hoffmann respectfully requests the following relief:

A. Dismissal of the Complaint;

B. An award of his reasonable and necessary attorneys' fees and expenses; and

C. Such other and further relief as this Court may deem just and proper.

DATED this 2nd day of November, 2022.

WHITEFORD, TAYLOR & PRESTON LLC

/s/ *Richard W. Riley*
Richard W. Riley (No. 4052)
Stephen B. Gerald (No. 5857)
600 N. King Street, Suite 300
Wilmington, Delaware 19801
Telephone: (302) 353-4144
Facsimile: (302) 661-7950
Email: rriley@wtplaw.com
sgerald@wtplaw.com

-and-

MICHAEL BEST & FRIEDRICH LLP
Christopher J. Schreiber
Justin M. Mertz
790 N. Water Street, Suite 2500
Milwaukee, Wisconsin 53202
Telephone: (414) 271-6560
Facsimile: (414) 277-0656
cjschreiber@michaelbest.com
jmmertz@michaelbest.com

*Counsel for F. Michael Hoffmann*